UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| JONATHON C. HOOD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:19-CV-29-RLJ-CHS |
| | ) |
| RUSSELL WASHBURN, Warden (TTCC), | ) |
| and ROBERT BAGGETT, Franklin County | ) |
| Circuit Court Clerk, | ) |
| | ) |
| Respondents. | ) |

## **MEMORANDUM OPINION**

Jonathon C. Hood ("Petitioner"), a state prisoner, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Middle District of Tennessee [Doc. 1]. After Petitioner paid the $5.00 habeas filing fee [Doc. 6], the Middle District transferred his petition to this Court as the more appropriate venue to adjudicate a challenge to a Franklin County, Tennessee judgment [Doc. 9]. For the reasons below, the Court finds that it lacks jurisdiction over the case and will **DISMISS** the petition.

**I.     BACKGROUND**

On April 26, 2007, pursuant to his guilty pleas, Petitioner was convicted in the Franklin County Circuit Court in Case No. 17294 of driving while intoxicated, 5th offense, was sentenced to 2 years and 6 months' incarceration, and was assessed a $3,000.00 fine [Doc. 1 at 1].[1] Petitioner

---

[1] Petitioner also pled guilty in Case No. 17295 to a second charge of DUI, 5th offense, receiving a second two-and-a-half-year sentence, set consecutive to his sentence in Case No. 17294, and a $3,000.00 fine [Doc. 1-16]. According to the first page of Petitioner's § 2254 petition, he is attacking only the fine in his first conviction for DUI, 5th offense [Doc. 1]. However, in the relief section of his habeas petition, he asks the Court to vacate the judgments in Case Nos. 17294 *and* 17295, and *additionally* in Case No. 17CR283 (apparently referring to his "present TDOC sentence") [Doc. 1 at 2, 15-16, Doc. 1-12, Tomis Offender

was set to serve one year in prison on the effective 5-year sentence imposed in both cases, with the remainder of the sentence on probation. *Hood v. State*, No. M2013-01655-CCA-R3-HC, 2014 WL 1831034, at *1 (Tenn. Crim. App. May 6, 2014), *perm. app. den.* (Tenn. 2014). Petitioner began to serve his sentence in April of 2007. *Id.* Petitioner did not pursue a direct appeal.

On February 19, 2009, Petitioner filed in the trial court a motion to discharge the fine in Case No. 17295, on the basis that his sentence had expired. *Hood v. State*, No. M2009-00661-CCA-R3-PC, 2010 WL 3244877, at *1 (Tenn. Crim. App. Aug. 18, 2010), *perm. app. den.* (Tenn. 2010). The trial court denied relief on March 5, 2009 [Doc. 1-15], and Petitioner appealed. *Hood*, 2010 WL 3244877, at *1. The appeal was dismissed because Petitioner had no appeal as of right from a denial of a motion to discharge fines and because the record was incomplete and could not support his assertion of error in the denial of his motion to discharge the fine. *Id.*

In April or May of 2013, Petitioner filed a petition for a writ of habeas corpus in the state trial court in Case Nos. 17294 and 17295, in which he conceded that his prison sentence in Case No. 17294 was lawful but argued that his ongoing fines were illegal given the expired judgments and the concomitant lack of trial court jurisdiction [Doc. 1 at 5 and 21]. The petition was summarily dismissed and Petitioner appealed [Doc. 1 at 5]. *Hood*, 2014 WL 1831034, at *1.

In his appeal, Petitioner maintained "that when his sentences expired, his judgments became void and, thus, that his having to continue to pay fines is an impermissible restraint on his liberty." *Id.*, 2014 WL 1831034, at *1. The state appellate court declined to grant relief, reasoning

---

Sentence Letter showing a conviction as a habitual traffic offender in Case No. 17CR283 that carried a maximum 3-year sentence]. If this § 2254 petition is construed as also challenging the fine imposed in Case No. 17295, the reasoning set forth in this opinion would apply similarly to it. Moreover, the Court cannot entertain a challenge to Petitioner's current confinement in this § 2254 petition. *See* Rule 2(e), Rules Governing Section 2254 Cases (providing that a petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment(s) of each state court).

that Petitioner was not imprisoned on the cases underlying his petition and that "habeas corpus relief is not available when a petitioner has been assessed a fine but is not incarcerated" because "[t]he assessment of a fine upon a defendant does not constitute imprisonment or restraint within the meaning of [the state habeas corpus statute]." *Id.*, 2014 WL 1831034, at *1 (internal citations omitted). The state supreme court denied Petitioner's application for permission to appeal [Doc. 1 at 9]. *Id.*, 2014 WL 1831034, at *1.

Petitioner returned to the state trial court on January 1, 2018, to file a second petition for a writ of habeas corpus, in which he offered the same claims regarding his fines that he raised in his first state habeas corpus petition [Doc. 1 at 5]. Without holding an evidentiary hearing, the trial court denied his petition on the ground of res judicata, and the appellate court affirmed the trial court's ruling. *Hood v. Baggett*, No. M201800336CCAR3HC, 2018 WL 3752126, at *1 (Tenn. Crim. App. Aug. 7, 2018). Petitioner did not file an application for permission to appeal to the state supreme court [Doc. 1 at 6].

According to Attachment 1-13, Petitioner filed a third motion for a sentence reduction on February 7, 2019, again seeking to set aside the fines assessed in April of 2007 in Case Nos. 17294 and 17295 [Doc. 1-13 at 2]. On March 5, 2019, the trial court entered an order denying Petitioner's motion, acknowledging that a sentence reduction was available under a state procedural rule if a motion for such is filed within 120 days of the judgment but explaining that the judgment in Petitioner's cases were entered in 2007 [Doc. 1-15]. On April 9, 2019, Petitioner filed this instant § 2254 petition [Doc. 1].

## II. DISCUSSION

### A. "In custody" Requirement

Federal courts are authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Sixth Circuit has instructed that "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte." *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). The Court does so here.

The "in custody" term in § 2254(a) has been interpreted as a requirement that the habeas petitioner be "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam). Thus, where a conviction has been fully served, a habeas petitioner is no longer "in custody" under that conviction, and a federal court lacks jurisdiction to set aside the conviction on the ground that the conviction was obtained in violation of the United States Constitution. *Maleng,* 490 U.S. at 492. After a conviction has completely expired, the collateral consequences of such a conviction are not enough to render the petitioner "in custody" under § 2254(a). *Id.*

Tellingly, Petitioner does not challenge his conviction for DUI, 5th offense; instead, he challenges, as a "Sentencing Defect," the fine levied in the judgment of conviction—a fine that he claims is "being actively proscecuted [sic] for collection" [Doc. 1 at 14]. In effect, Petitioner is arguing that, when his sentences expired, the fines assessed as part of those sentences also expired [*Id.* at 7 (alleging that "[h]is term of imprisonment is satisfied and his sentence/punishment/fine is supposed to be expired too")]. Petitioner is further arguing, as the Court interprets it, that because

those fines were part of his punishment and because there are ongoing attempts to collect on fines that he views as uncollectable, he is still being punished in connection with sentences that have expired [Doc. 1 at 8].

As noted, Petitioner was sentenced April 26, 2007, in Case No. 17294 to a two-and-a-half-year term. Petitioner has attached to his petition a document that demonstrates that his sentence in Case. No. 17294 expired on February 1, 2009 [Doc. 1-5]. Thus, the conviction at issue in this § 2254 petition expired many years before the petition was filed on April 9, 2019 [Doc. 1].[2]

Furthermore, when a petition challenges an expired sentence, "the duration of Petitioner's time in custody will not be decreased should his petition succeed." *Hughes v. Birkett*, 173 F. App'x 448, 448 (6th Cir. 2006), *accord Bowling v. White*, No. 15-6318, 2017 WL 2471262, at *1 (6th Cir. June 8, 2017) (explaining that the "core purpose" of federal habeas review is to "shorten [a] term of incarceration" in the event a petitioner "proves unconstitutionality" (quoting *Garlotte v. Fordice*, 515 U.S. 39, 47 (1995)).

Finally, to the extent that Petitioner's assertion that the fines extend his punishment can be seen as an argument that he remains "in custody" on his sentence in Case No. 17294 for DUI, 5th offense, the Court rejects that premise. The Sixth Circuit has observed that "[a] monetary fine is not a sufficient restraint on liberty to meet the 'in custody' requirement." *Thrower v. City of Akron*, 43 F. App'x 767, 768 (6th Cir. 2002) (citing *Lillios v. New Hampshire*, 788 F.2d 60, 61 (1st Cir.

---

[2] Petitioner has acknowledged in his court filings that his sentences have expired. In Petitioner's appeal of his first state petition for a writ of habeas corpus, the state appellate court iterated that he had pled guilty to two counts of driving under the influence, fifth offense, on April 26, 2007, and that he claimed that his sentences had expired and, thus, had rendered his judgments void. *Hood*, 2014 WL 1831034, at *1. In this instant petition, Petitioner similarly explains that his March 1, 2009, motion to discharge fines in Case Nos. 17294 and 17295 was based in part on his "expired sentence" [Doc. 1 at 4 ¶ 11].

5

1986)); *see also McNeil v. Howard*, 338 F. App'x 745, 747 (10th Cir. 2009) ("An outstanding fine does not satisfy § 2254's 'in custody' requirement.") (citation omitted).

Because Petitioner's sentence in Case No. 17294 expired in 2009 and because success in this petition would not shorten that sentence, the Court concludes that Petitioner was not "in custody" on that conviction when he filed this petition on April 9, 2019. Therefore, Petitioner cannot invoke this Court's habeas corpus jurisdiction and the Court lacks the authority to entertain his habeas corpus petition.

**B.     Timeliness**

Alternatively, if Petitioner was "in custody" pursuant to his conviction for DUI, 5th offense, when he brought this § 2254 petition, he could not obtain habeas corpus relief from that conviction because his petition is untimely.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in 28 U.S.C. § 2241, amended the federal habeas corpus statutes and added a one-year statute of limitations to regulate the time for filing an application for a federal writ of habeas corpus. In the typical case, the statute of limitations begins to run from the date a petitioner's state judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

As stated, Petitioner's judgment was issued on April 26, 2007, and he did not appeal. Hence, under § 2244(d)(1)(A), Petitioner's conviction and judgment became final on Monday, May 28, 2007 (the first day the courthouse was open after the lapse of the thirty-day period for seeking an appeal in the TCCA). *See State v. Green*, 106 S.W.3d 646, 648-50 (Tenn. 2002) (finding that a judgment based on a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of the sentence) (citing Tenn. R. App. P. 4(a)). Accordingly, for

purposes of § 2244(d)(1)(A), the AEDPA statute began to run in Petitioner's case on May 28, 2007, and it was set to expire one year afterward, on May 28, 2008. Petitioner thus needed to file his § 2254 petition on or before May 28, 2008. As noted, Petitioner filed his § 2254 petition for habeas corpus relief on April 9, 2019, nearly eleven years too late under § 2244(d)(1)(A).

The statute however provides a tolling mechanism. The statute is tolled under § 2244(d)(2) during the time "a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2). Petitioner filed many pleadings and motions in the state court challenging his fines. However, by the time Petitioner initiated those state collateral proceedings, the AEDPA's clock had already stopped and there was no time left to toll. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."); *Hargrove v. Brigano,* 300 F.3d 717, 718 n. 1 (6th Cir. 2002). Petitioner does not qualify for statutory tolling.

The AEDPA statute of limitation is not jurisdictional and also is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Perkins v. McQuiggin*, 670 F.3d 665, 670 (6th Cir. 2012) (commenting that limitations statutes do not require courts to dismiss claims as soon as the "clock has run") (citation omitted). To qualify for equitable tolling of AEDPA's limitation statute, a petitioner must show diligence in pursuit of his rights and that an extraordinary circumstance prevented him from timely filing the petition. *Id.* at 649. Nothing alleged by Petitioner supplies a basis for equitable tolling of the limitation period.

7

## III. CERTIFICATE OF APPEALABILITY

The Court next considers whether to issue a certificate of appealability ("COA") should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas proceeding only if he is issued a COA, and a COA may only be issued where a Petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Where a court dismisses a § 2254 petition on procedural grounds, a COA will issue upon a showing that reasonable jurists would debate whether a valid claim has been stated and whether the court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right because reasonable jurists would not disagree about whether the Court correctly ruled that it lacks jurisdiction to grant the petition and, alternatively, that the petition is untimely; thus, he will be denied a certificate of appealability. Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In addition, the Court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a)(3) and will certify that any appeal from this action would not be taken in good faith. Therefore, the Court will deny Petitioner leave to proceed *in forma pauperis* on appeal. Fed. R. App. P. 24.

## IV.    CONCLUSION

Based on the above discussion, the Court finds that it lacks jurisdiction to entertain this habeas corpus petition, and alternatively, that the petition is time-barred under § 2244(d)(1)(A). Therefore, the Court will **DISMISS** this case.  Further, the Court will **DENY** Petitioner a certificate of appealability, will **CERTIFY** that any appeal from this action would not be taken in good faith, and will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.

**A SEPARATE ORDER WILL ENTER.**

ENTER:

s/ Leon Jordan
United States District Judge